**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-559-RJC-DCK**

| | |
|---|---|
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC., )<br>)<br>Defendant. ) | **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

1. The Parties seek discovery from each other in the following proceeding before the United States District Court for the Western District of North Carolina: <u>RoundPoint Mortgage Servicing Corporation v. Five Brothers Mortgage Company Services and Securing, Inc.</u>, 3:15-CV-00559 (hereinafter referred to as the **"Litigation"**).

2. The Parties are engaged in the process of disclosing information between them, some of which the Parties believe is highly confidential.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions:**

   a. The term "**Discovery Material**" shall mean all documents, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party to the Litigation in connection with formal or informal discovery, hearing, or trial proceeding

(whether in the form of initial disclosures, depositions, transcripts, interrogatory answers, document productions, responses to requests to admit, or other discovery) or in any pleading, motion, affidavit, declaration, brief, or other document filed with or submitted to the Court.

    b.  A "**Stamped Confidential Document**" means any Discovery Material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure.

    c.  An "**Attorneys' Eyes Only Document**" means any Discovery Material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "ATTORNEYS' EYES ONLY" to signify that it contains information believed to be subject to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure.

    d.  "**Protected Material**" means any document subject to the attorney-client privilege or attorney work product doctrine, Stamped Confidential Document, any Attorneys' Eyes Only Document, any excerpt from the foregoing, and any summary containing information contained in any Stamped Confidential Document or Attorneys' Eyes Only Document or deposition that has been designated as confidential, and all physical and electronic copies of the foregoing (excluding, however, documents or information that have been publicly disclosed by the Producing Party (as such term is defined below) or that is otherwise generally known or available to the public other than as a result of a breach of this Confidentiality Agreement & Protective Order (this "**Order**")).

e. A "**Producing Party**" is a Party, or an officer, employee, director, independent contract or other person designated by a Party, which produces any document in response to discovery or a subpoena *duces tecum* propounded by the other Party or who submits an affidavit or testifies at a deposition conducted in connection with the Litigation.

2. **Non-disclosure of Protected Materials.** Except with the prior written consent of the Party originally designating Discovery Material to be designated as a Stamped Confidential Document or as Attorneys' Eyes Only Document, as hereinafter provided under this Order, or as provided by further order of this Court, none of the Protected Materials may be disclosed to any person, including any Party to this lawsuit, who has not signed and agreed to be bound by this Order. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a "Stamped Confidential Document" or "Attorneys' Eyes Only Document," but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3. **Permissible Disclosures - Stamped Confidential Documents.** Notwithstanding Section 2 above, Protected Materials may be disclosed:

a. to the Parties;

b. to an attorney for either of the Parties who is actively engaged in the conduct of this Litigation; to the partners, associates, secretaries, paralegals, and employees of such an attorney to the extent reasonably necessary to render professional services in the Litigation; to contractors of a such an attorney who are involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data; and to court officials involved in this

Litigation (including judges, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

      c.      to any persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

      d.      to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the Litigation ("**Experts**"); provided however, that in all such cases the individual to whom disclosure is to be made has signed a form containing:

      i.      a recital that the signatory has read, understands, and agrees to be bound by this Order;

      ii.      a recital that the signatory understands that unauthorized disclosures of any of the Protected Materials constitutes contempt of Court; and

      iii.      a statement that the signatory consents to the exercise of personal jurisdiction by the United States District Court for the Western District of North Carolina (the "**Court**") and that they will be bound by this Order.

    4.    **Permissible Disclosures - Attorneys' Eyes Only Documents**. Notwithstanding Section 2 above, Attorneys' Eyes Only Documents may be disclosed to individuals identified in Section 3(b), (c), and (d) above. Before disclosing an Attorneys' Eyes Only Document to any person listed in subsections (c) or (d), the Party wishing to make such disclosure shall give at least ten days' advance written notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Discovery Materials to be disclosed, and stating the purposes of

such disclosure (provided, however, that this prior notice requirement shall not apply to Experts). If within the ten-day period a motion is a filed objecting to the proposed disclosure, disclosure is not permissible until the Court determines that the objecting Party has shown good cause why the proposed disclosure should not be permitted.

5. **Good Faith Efforts**. In designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the party to this agreement making the designation will make such designation only as to that information that it and its counsel in good faith believes contains confidential information. Discovery Material that is known by the designator to be available to the public shall not be designated as confidential.

6. **Declassification.** The party to this agreement objecting to the designation may apply to the Court for a ruling that Discovery Material that has been marked or otherwise designated as a Stamped Confidential Document or as an Attorneys' Eyes Only Document is not entitled to such status and protection. The Producing Party or other person that designated the Discovery Material as Protected Material shall be given written notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the Discovery Material to have such protection.

7. **Confidential Information in Depositions.**

a. A deponent may during the deposition be shown, and examined about, Stamped Confidential Documents or Attorneys' Eyes Only Documents if the deponent already knows the confidential information contained therein or if the provisions of Section 3 and 4 are met. Deponents shall not retain or copy portions of the transcript of the depositions that contain

confidential information not provided by them or the entities they represent unless they sign the form prescribed in Section 3(d).  A deponent who is not a Party or a representative of a Party shall be furnished a copy of this Order before being examined about, or asked to produce, Privileged Materials (**provided**, **however**, that the provisions of the second and third sentences of this Paragraph 7.a do not apply if (i) the deponents is an authorized representative of a Party which is not a natural person and (ii) the Protected Materials were produced by the Party).

      b.    Parties and deponents may, within 14 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential or as attorneys' eyes only.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential- Subject to Protection Pursuant to Court Order" or "Attorneys' Eyes Only - Subject to Protection. Pursuant to Court Order."  Until expiration of the 14-day period, the entire deposition transcript will be treated as Attorneys' Eyes Only pursuant to this Order.  If no Party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential (**excluding**, **however**, documents previously marked as Stamped Confidential Documents or as Attorneys' Eyes Only Documents).  If a timely designation is made, the confidential portions and exhibits shall be treated in accordance with Paragraphs 2, 3 and 4, above, and filed under seal (after entry of an order by a court of competent jurisdiction authorizing the filing of sealed documents) separate from the portions and exhibits not so marked.

    8.    **Confidential Information At Trial.**  Stamped Confidential Documents, Attorneys' Eyes Only Documents and other Protected Materials may be offered in evidence or otherwise at trial or any court hearing in the Litigation, provided that the proponent of the evidence gives ten days' advance notice to counsel for the Party or other person that designated the

information as confidential. If documents designated under this order are offered as evidence at trial, however, they shall be offered with the relevant designation intact unless the designation was previously successfully challenged and removed or otherwise removed by consent of all parties to this agreement. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

9. **Subpoena By Other Courts Or Agencies.** If another Court or an administrative agency subpoenas, or orders a Party to produce (including pursuant to applicable rules of civil or criminal procedure relating to the discovery of information or documents of a party to litigation or to a criminal or administrative proceeding), any of the Protected Materials, such Party shall promptly give written notice to the Party or other person who designated the Discovery Materials as confidential of the pendency of such subpoena or order, and shall not produce any Protected Material until the Party designating the Discovery Materials has been given at least 10 (ten) days' written to object to the appropriate Court or agency. The Party to whom the order, subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request that is adverse to the party that originally designated the Discovery Materials as confidential.

10. **Filing.** If filed, Protected Materials shall be filed under seal (upon entry of an order authorizing the filing under seal) and shall remain sealed so long as they retain their status as Protected Materials.

11. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Stamped Confidential Documents or Attorneys' Eyes Only Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel

shall not make specific disclosure of Protected Material except pursuant to the procedures of Sections 3 and 4.

13. **Prohibited Copying.** If Discovery Material contains information so sensitive that it should not be copied by anyone, the Producing Party may petition the Court for an order prohibiting the receiving party from copying such Discovery Material.

13. **Use.** Persons obtaining access to Protected Materials under this Order shall use the information only for preparation and trial of this Litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative, or judicial proceedings.

14. **Non-Termination; Destruction.** The provisions of this Order shall not terminate at the conclusion of the Litigation and will remain binding on the Parties and all persons and entities which have received Protected Materials under Paragraph 3 of this Order. The ultimate disposition of Protected Materials is subject to a final order of the Court to be entered upon the completion of litigation. In the absence of such an order, however, within 120 days after final conclusion of all aspects of the Litigation, all Protected Materials (other than exhibits of record) shall be returned to the Party or person which produced such Discovery Material or, at the option of the producer if it retains at least one copy of the same), destroyed (**provided**, **however**, that this Paragraph 14 shall not require (i) any counsel to destroy all copies of Protected Materials if the applicable rules of professional conduct require that counsel maintain copies for its, his or her records or (ii) any Party to destroy all copies of Protected Materials if applicable laws or regulations require such Party to maintain such copies). All counsel of record shall make certification of compliance herewith and shall deliver the certification to counsel for the party who produced the Discovery Material not more than 150 days after final termination of this Litigation.

15. **Clawback.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive the Producing Party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the Producing Party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Confidentiality Agreement and Protective Order.

16. **Modification Permitted.** Nothing in this Order shall prevent any Party or other person from seeking modification of this Order by application to the Court or from objecting to discovery that it believes to be otherwise improper.

17. **Responsibility of Attorneys.** The attorneys of record in the Litigation are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies Protected Materials. Parties shall not duplicate any Protected Material except working copies and for filing in Court under seal.

**SO ORDERED**.

Signed: June 21, 2016

David C. Keesler
United States Magistrate Judge