# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.  3:15-CV-559-RJC-DCK

| | | |
|---|---|---|
| ROUNDPOINT MORTGAGE SERVICING CORPORATION, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **ORDER** |
| FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC., | ) ) ) ) | |
| **Defendant.** | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery From Defendant" (Document No. 31).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.  Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part, and <u>deny</u> the motion in part.

## BACKGROUND

Roundpoint Mortgage Servicing Corporation ("Plaintiff" or "Roundpoint") initiated this action with the filing of a "Complaint" (Document No. 1) on November 18, 2015.  The Complaint alleges that Five Brothers Mortgage Company Services And Securing, Inc. ("Defendant" or "Five Brothers") breached a contract with Plaintiff by failing to indemnify it for losses incurred related to a lawsuit filed by Anette M. Hayes, on or about August 26, 2013, against Roundpoint and Five Brothers.  (Document No. 1).  Defendant Five Brothers filed its "…Answer To Plaintiff's Complaint" (Document No. 8), including a counterclaim for breach of contract based on events related to the same underlying Hayes lawsuit.

On April 22, 2016, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 23) including, *inter alia*, the following deadlines: discovery completion – October 7, 2016; mediation report – October 21, 2016; dispositive motions – November 4, 2016; and a bench trial – March 6, 2017.

Now before the Court is "Plaintiff's Motion To Compel Discovery From Defendant" (Document No. 31) and "Memorandum Of Law In Support…" (Document No. 32) filed on August 8, 2016. "Defendant's Response In Opposition To Plaintiff's Motion To Compel …" (Document No. 34) was filed on August 25, 2016; and the "Reply Memorandum In Further Support Of Plaintiff's Motion To Compel…" (Document No. 35) was filed on September 6, 2016.

"Plaintiff's Motion To Compel…" is now ripe for review and disposition.

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th

Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).  A party's failure to provide or permit discovery may result in sanctions including the following:  reasonable expenses caused by the failure;  default judgment against the disobedient party;  or treating as contempt of court the failure to obey any order.  See Fed.R.Civ.P. 37(b) - (d).

### DISCUSSION

Plaintiff Roundpoint contends that Defendant Five Brothers' discovery responses have been deficient, and requests that the Court issue an Order compelling Defendant to:  (1) produce all non-privileged, responsive documents within its custody, possession or control;  (2) state in writing whether it is withholding documents on the basis of each of its objections;  and (3) provide a privilege log describing any responsive document that it is withholding on privilege grounds. (Document No. 32, pp.4-5).

It appears to be undisputed that prior to the pending motion to compel being filed on August 8, 2016, Defendant agreed to supplement discovery responses;  nevertheless, Plaintiff went ahead and filed its motion.  (Document Nos. 34 and 35).  On August 9, 2016, Defendant did indeed provide supplemental responses, but Plaintiff contends Defendant's discovery responses are still deficient.  (Document No. 35).  The remaining issues involve a proposed Privilege Log and Interrogatory Nos. 5, 9, and 10.  Id.

**Privilege Log**

Defendant acknowledges in its "…Response…" that it has asserted one or more objections on the basis of attorney client and/or attorney work product privilege.  (Document No. 34, p.4).

However, Defendant contends it has been unable to create a privilege log because it has been awaiting document production from Jeff Bunda ("Bunda") and the Hutchens Law Firm, who previously represented Defendant in the underlying Hayes litigation. <u>Id.</u> The "…Response…" suggests that the documents in question were to be produced by September 2, 2016, and that Defendant would then produce a privilege log on or about September 9, 2016.

In its "Reply…," Plaintiff requests that the Court compel Defendant's production of a privilege log on a date certain. (Document No. 35, pp.5-6).

Finding little, if any, dispute on this issue, the undersigned will <u>grant</u> the motion. Defendant shall produce an appropriate Privilege Log on or before **September 16, 2016**.

**Interrogatory No. 5**

This interrogatory seeks from Defendant "…all facts which support Your contention that Roundpoint 'had some serious failures on its end in servicing the loan,' and that Roundpoint 'ordered another inspection after Ms. Hayes complained about the inadvertent secure,'…." (Document No. 34, p.5). Defendant acknowledges that its original response was deficient, but contends now that its supplemental response provides not only the facts requested, but also the source of those facts. (Document No. 34, pp.5-6). Moreover, Defendant contends that it has produced all the relevant documents related to this response. (Document No. 34, p.5).

Plaintiff now presents a terse and conclusory argument that the response to Interrogatory No. 5 remains deficient. (Document No. 35, pp.7-8). However, Plaintiff offers no specifics, authority, or explanation for how Defendant's supplement is still deficient.

The undersigned will <u>deny without prejudice</u> Plaintiff's motion as to Interrogatory No. 5. If Plaintiff still contends the related response to be deficient, it shall confer with Defendant in good

faith to resolve this dispute.  If the parties are unable to reach an agreement, Plaintiff may renew its motion.

**Interrogatory No. 9**

Interrogatory No. 9 seeks a description of acts supporting Defendant's contention that Annette M. Hayes had "unclean hands -  namely, she failed to keep her payments current under the Note and Deed of Trust."  (Document No. 34, p.6).  Defendant acknowledges in its response to the motion to compel that it has "incorrectly responded to Interrogatory No. 9."  Id.

Based on Defendant's own admission, the Court will grant the motion as to this interrogatory.  Defendant shall file a complete response to Interrogatory No. 9 on or before **September 16, 2016**.

**Interrogatory No. 10**

This interrogatory seeks support for any contention by Defendant that it was not obligated to reimburse Roundpoint for any funds that Roundpoint incurred defending itself in the Hayes litigation. (Document No. 34, p.6).  Defendant eventually responded that "yes," it does not believe it was required to indemnify Roundpoint for attorney fees, and referenced several other discovery responses for support.  (Document No. 34, p.7).  Defendant also complains that Plaintiff failed to define what it meant by "funds."  Id.

Again, with minimal explanation, Plaintiff contends that Defendant's supplemental response is deficient.

The undersigned finds this to be a close call, but will grant the motion and require Defendant to supplement its response to this interrogatory by **September 16, 2016**.  Defendant shall provide a more explicit and complete response that does not rely on references to other

responses.  Plaintiff, if it has not already, shall confer with Defendant and clarify its request regarding the term "funds," on or before **September 13, 2016**.

<h2 style="text-align:center">CONCLUSION</h2>

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery From Defendant" (Document No. 31) is **GRANTED in part**, and **DENIED in part**, as described herein.

**IT IS FURTHER ORDERED** that Plaintiff's request for fees and expenses incurred in bringing its motion is **DENIED WITHOUT PREJUDICE**.  The Court will take this request under advisement;  however, barring new information, the undersigned is not inclined to allow expenses in this instance.

**SO ORDERED**.

Signed: September 9, 2016

David C. Keesler
United States Magistrate Judge