**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-559-RJC-DCK**

| | |
|---|---|
| **ROUNDPOINT MORTGAGE SERVICING CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     <u>ORDER</u> |
| | ) |
| **FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

    **THIS MATTER IS BEFORE THE COURT** on "Roundpoint's Motion To Compel The Production Of Insurance Documents By The Defendant" (Document No. 37); and "Plaintiff's Motion For A Protective Order And/Or To Quash Or Modify Defendant's Subpoena *Duces Tecum* To Plaintiff's Expert Witness" (Document No. 39). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions and the record, the undersigned will <u>grant</u> the motions in part, and <u>deny</u> the motions in part.

## BACKGROUND

    Roundpoint Mortgage Servicing Corporation ("Plaintiff" or "Roundpoint") initiated this action with the filing of a "Complaint" (Document No. 1) on November 18, 2015. The Complaint alleges that Five Brothers Mortgage Company Services And Securing, Inc. ("Defendant" or "Five Brothers") breached a contract with Plaintiff by failing to indemnify it for losses incurred related to a lawsuit filed by Anette M. Hayes, on or about August 26, 2013, against Roundpoint and Five Brothers. (Document No. 1). Defendant Five Brothers filed its "…Answer To Plaintiff's

Complaint" (Document No. 8), including a counterclaim for breach of contract based on events related to the same underlying Hayes lawsuit.

On April 22, 2016, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 23) including, *inter alia*, the following deadlines: discovery completion – October 7, 2016; mediation report – October 21, 2016; dispositive motions – November 4, 2016; and a bench trial – March 6, 2017.

On August 9, 2016, the Court denied without prejudice Defendant's "Motion To Quash or in the alternative Motion For Protective Order" (Document No. 29). (Document No. 33). In doing so, the undersigned noted that Defendant had failed to abide by the Local Rules of this Court and advised Defendant "that failure to abide by the "Pretrial Order And Case Management Plan" (Document No. 23) or the Local Rules may result in sanctions." (Document No. 33 p.3). The undersigned took "Plaintiff's request for attorney's fees and costs under advisement." (Document No. 33, p.2).

On September 9, 2016, "Plaintiff's Motion To Compel Discovery From Defendant" (Document No. 31) was granted in part, and denied in part. (Document No. 36). The undersigned denied without prejudice Plaintiff's request for fees and expenses incurred in bringing the motion. Id.

Now, there are three (3) more motions regarding discovery disputes pending before the Court: "Roundpoint's Motion To Compel The Production Of Insurance Documents By The Defendant" (Document No. 37); "Plaintiff's Motion For A Protective Order And/Or To Quash Or Modify Defendant's Subpoena *Duces Tecum* To Plaintiff's Expert Witness" (Document No. 39); and "Plaintiff's Motion To Compel Testimony Of Defendant's Rule 30(B)(6) Corporate Designee

Witness" (Document No. 41).  Defendant has failed to file responses to Document Nos. 37 or 39, and the time to do so has lapsed.  <u>See</u> Local Rule 7.1 (E).

Defendant *did* file a timely response to Document No. 41.  <u>See</u> (Document No. 44).  However, Plaintiff has not yet filed a reply brief in support of Document No. 41, and so, that motion is not yet ripe for review.

Document Nos. 37 and 39 are ripe for review and disposition, and the Court will rule on those motions without delay.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. <u>See</u> <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979);  and <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  <u>See</u> <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d

1134, 1139 (4th Cir. 1986) (same).  A party's failure to provide or permit discovery may result in sanctions including the following:  reasonable expenses caused by the failure;  default judgment against the disobedient party;  or treating as contempt of court the failure to obey any order.  <u>See</u> Fed.R.Civ.P. 37(b) - (d).

## DISCUSSION

### A.  Motion To Compel Production Of Insurance Documents

"Roundpoint's Motion To Compel The Production Of Insurance Documents By The Defendant" (Document No. 37) seeks "the insurance policies and correspondence between Five Brothers Mortgage Company and the insurance company for Mr. Stuart regarding coverage for this lawsuit and for the *Hayes* lawsuit."  (Document No. 37, p.1).  Plaintiff notes that the central issue in this lawsuit is the determination of financial responsibility for defense costs and settlement of the August 26, 2013 lawsuit that Annette M. Hayes brought against Roundpoint, the Defendant Five Brothers Mortgage Company Services & Securing, Inc. (Five Brother Mortgage Company"), and Five Brothers Mortgage Company's former North Carolina contractor, D.A. Stuart." (Document No. 37, p.1;  Document No. 38, pp.1-2).  Plaintiff concludes that the insurance documents at issue are directly relevant to this dispute and not subject to any privilege.  (Document No. 38, p.4).

As noted above, Defendant has failed to file any response to this motion.  When the parties were contacted by the undersigned's staff on or about October 25, 2016, to determine if the failure to respond meant the parties had resolved Document Nos. 37 and 39, Plaintiff's counsel stated that Document No. 37 had not been resolved.  Defendant's counsel acknowledged that the insurance policy and communications sought by Plaintiff were discoverable.  Defendant's counsel further stated that the requested documents would be produced.

Based on the foregoing, the undersigned finds that Plaintiff's motion to compel (Document No. 37) should be granted. Defendant shall provide the requested discovery on or before **November 4, 2016**.

**B.  Motion To Quash Subpoena *Duces Tecum* To Plaintiff's Expert**

"Plaintiff's Motion For A Protective Order And/Or To Quash Or Modify Defendant's Subpoena *Duces Tecum* To Plaintiff's Expert Witness" (Document No. 39) seeks to "exclude from disclosure an expert witness's draft expert reports, no matter the form, and the communications between a party's attorney and its expert witness." (Document No. 39, p.1). In short, Plaintiff contends that Defendant refused to withdraw or modify a subpoena *duces tecum* commanding Plaintiff's expert witness, Jonathan E. Buchan, Jr., to produce documents and information that are protected by Federal Rules Of Civil Procedure 26(b)(4)(B)-(C). (Document No. 39, pp.1-2; Document No. 40).

Again, Defendant failed to respond. However, Plaintiff's counsel has reported to the undersigned's staff that this pending motion has been resolved. As such, the Court will deny the motion to quash as moot.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Roundpoint's Motion To Compel The Production Of Insurance Documents By The Defendant" (Document No. 37) is **GRANTED**, as directed herein.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion For A Protective Order And/Or To Quash Or Modify Defendant's Subpoena *Duces Tecum* To Plaintiff's Expert Witness" (Document No. 39) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant shall reimburse Plaintiff for the reasonable expenses incurred preparing and filing Document Nos. 37, 38, 39, and 40 – pursuant to Fed.R.Civ.P. 37(a)(5)(A).  The parties shall attempt to agree on the amount and date of payment without further Court intervention.   If such attempt is unsuccessful, Plaintiff may file an appropriate motion for relief.

   **SO ORDERED**.

     Signed: October 28, 2016

David C. Keesler
United States Magistrate Judge