**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-559-RJC-DCK**

| | | |
|---|---|---|
| **ROUNDPOINT MORTGAGE SERVICING CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     **THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Testimony Of Defendant's Rule 30(b)(6) Corporate Designee Witness" (Document No. 41). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

## BACKGROUND

     Roundpoint Mortgage Servicing Corporation ("Plaintiff" or "Roundpoint") initiated this action with the filing of a "Complaint" (Document No. 1) on November 18, 2015. The Complaint alleges that Five Brothers Mortgage Company Services And Securing, Inc. ("Defendant" or "Five Brothers") breached a contract with Plaintiff by failing to indemnify it for losses incurred related to a lawsuit filed by Anette M. Hayes, on or about August 26, 2013, against Roundpoint and Five Brothers. (Document No. 1). Defendant Five Brothers filed its "…Answer To Plaintiff's Complaint" (Document No. 8), including a counterclaim for breach of contract based on events related to the same underlying <u>Hayes</u> lawsuit.

On April 22, 2016, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 23) including, *inter alia*, the following deadlines: discovery completion – October 7, 2016; mediation report – October 21, 2016; dispositive motions – November 4, 2016; and a bench trial – March 6, 2017.

On August 9, 2016, the Court denied without prejudice Defendant's "Motion To Quash Or In The Alternative Motion For Protective Order" (Document No. 29). (Document No. 33). In doing so, the undersigned noted that Defendant had failed to abide by the Local Rules of this Court and advised Defendant "that failure to abide by the "Pretrial Order And Case Management Plan" (Document No. 23) or the Local Rules may result in sanctions." (Document No. 33 p.3). The undersigned took "Plaintiff's request for attorney's fees and costs under advisement." (Document No. 33, p.2).

On September 9, 2016, "Plaintiff's Motion To Compel Discovery From Defendant" (Document No. 31) was granted in part, and denied in part. (Document No. 36). The undersigned denied without prejudice Plaintiff's request for fees and expenses incurred in bringing the motion. Id.

The Court granted "Defendant's Motion To Amend Pretrial Order And Case Management Plan…" (Document No. 44) on October 20, 2016, extending the deadlines for a mediation report and the filing of dispositive motions to November 21 and December 2, 2016, respectively. (Document No. 46).

On October 28, 2016, the Court granted "Roundpoint's Motion To Compel The Production Of Insurance Documents By The Defendant" (Document No. 37) and denied as moot "Plaintiff's Motion For A Protective Order And/Or To Quash Or Modify Defendant's Subpoena *Duces Tecum* To Plaintiff's Expert Witness" (Document No. 39). (Document No. 47). The Court further ordered

Defendant to reimburse Plaintiff for the reasonable expenses incurred preparing and filing Document Nos. 37, 38, 39, and 40 – pursuant to Fed.R.Civ.P. 37(a)(5)(A).  Id.

Now pending is "Plaintiff's Motion To Compel Testimony Of Defendant's Rule 30(B)(6) Corporate Designee Witness" (Document No. 41).  "Defendant's Response…" was timely filed on October 20, 2016;  and Plaintiff's "Reply Memorandum…" (Document No. 48) was filed on October 28, 2016.  As such, the pending motion to compel is ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).  A party's failure to provide or permit discovery may result in

sanctions including the following:  reasonable expenses caused by the failure;  default judgment against the disobedient party;  or treating as contempt of court the failure to obey any order.  <u>See</u> Fed.R.Civ.P. 37(a) - (d).

## DISCUSSION

"Plaintiff's Motion To Compel Testimony Of Defendant's Rule 30(b)(6) Corporate Designee Witness" (Document No. 41) contends that a deposition of Defendant's Rule 30(b)(6) corporate designee was held on September 28, 2016;  however the designee was not prepared to testify as to the subject matter of Topics 9 and 12 of the deposition notice.  (Document No. 41); <u>see also</u> (Document No. 42-1, pp.5-6).  Plaintiff now seeks an order from the Court compelling Defendant to present a "corporate designee witness who can testify knowledgeably regarding the subject matter set forth in Topics 9 and 12."  (Document No. 42, p.1).  Topics 9 and 12 direct that an appropriate representative of Defendant testify under oath regarding the following:

> 9.      Communications between Five Brothers and any person or entity concerning the settlement or resolution of the disputes in *Hayes v. Self Help Credit Union, et al.*, No. 1:13-cv-00880 in the United States District Court for the Middle District of North Carolina, including any claims that Five Brothers submitted to any insurance company.
>
> . . .
>
> 12.      Any effort that Five Brothers made to reduce the dollar amount of its alleged damages, including any claims that Five Brothers submitted to any insurance company to pay for defense or indemnity related to RoundPoint's lawsuit against Five Brothers.

(Document No. 42-1, pp.5-6).

Plaintiff contends that Defendant's designated witness "testified that she had little to no knowledge of those topics and that prior to the deposition, she had not taken the reasonable steps to review the documents associated with those topics or to gain knowledge of Defendant's

information concerning those topics." (Document No. 42, pp.3-4) (citing Document No. 42-2); <u>see also</u>, (Document Nos. 43 and 43-1). Plaintiff concludes that Defendant has failed to meet its "obligation to 'produce a witness prepared to testify to the subject matter described in the notice.'" (Document No. 42, p.4).

In response, Defendant first disputes whether Plaintiff satisfied the consultation requirement of Local Rule 7.1(B). Defendant contends that Plaintiff sent an email to its counsel noticing its intention to file the instant motion just a few hours before actually filing the motion. (Document No. 45). Defendant suggests the parties never discussed the motion, although Plaintiff contends it "conferred in good faith with counsel for the Defendant." <u>Id.;</u> <u>see also</u> (Document No. 41, p.2). Plaintiff does not appear to address this first argument in its reply brief. As such, it appears doubtful that the parties consulted as envisioned by the Local Rules and the "Pretrial Order And Case Management Plan" (Document No. 23, p.5).

Next, Defendant argues that Plaintiff failed to produce any independent or objective evidence to support its motion; however Defendant appears to ignore Document Nos. 42-1, 42-2, 43, and 43-1, which include a transcript of the deposition of Defendant's Rule 30(b)(6) witness, Rebecca Sutton ("Sutton"). (Document No. 45, p.2). Defendant goes on to conclude that Sutton was as prepared as she could be, and that she "is the one non-attorney individual most qualified to answer Roundpoint's Notice of Deposition topics nine (9) and twelve (12)." (Document No. 45, p.4). Defendant seems to take the position that Topics 9 and 12 involve questions or communications that would have been handled by its attorneys, and therefore, such inquires could have or should have been made to Defendant's counsel, instead of Sutton as the 30(b)(6) designee. (Document No. 45, pp.3-4).

In reply, Plaintiff asserts that Defendant has mistakenly asserted a version of Rule 30(b)(6) that does not exist that would allow a "corporation to present a corporate designee deposition witness who has no knowledge of the designated topic and who made no reasonable effort to gain knowledge of the topic and later successfully justify this conduct by arguing that the party seeking the testimony questioned the wrong witness."  (Document No. 48, p.1).  Defendant argues that "Rule 30(b)(6) does not work that way."  Rather, Plaintiff contends that Rule 30(b)(6) obligates Defendant Five Brothers to "produce such number of persons as will satisfy the request [and] more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."  Id.  (quoting Poole v. Textron, Inc., 192 F.R.D. 494, 504 (D.Md. 2000) (quoting Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

The undersigned notes that the Poole decision further states:

> "Counsel for the entity should prepare the designated witness to be able to provide meaningful information about any designated area(s) of inquiry."  ABA Standards, 19(f) (Duty to Prepare the Witness). The individual(s) so deposed are required to testify to the knowledge of the corporation, *not* the individual.  *United States v. J.M. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996).  *See also SEC v. Morelli,* 143 F.R.D. 42, 44 (S.D.N.Y. 1992) (holding that Rule 30(b)(6) designees need not have first-hand knowledge of the events in question, but if designated must be adequately prepared to field and answer such questions).  It necessarily follows that the corporation has a duty "to prepare the designees so that they may give knowledgeable and binding answers for the corporation" and that this duty "goes beyond matters personally known to the designee or to matters in which that designee was personally involved."  *Taylor,* 166 F.R.D. at 361.
>
> Upon notification of a deposition, the corporation has an obligation to investigate and identify and if necessary prepare a designee for each listed subject area and produce that designee as noticed.

Poole, 192 F.R.D. at 504.

Plaintiff asserts that Defendant's witness did not have knowledge of the claims that Five Brothers submitted to any insurance company and had not made a reasonable effort to become knowledgeable of that deposition topic.  (Document No. 48, pp.3-4) (citing Document No. 48-1, pp.7, 10, 13-14, and 17).

The undersigned is satisfied that Plaintiff has identified sufficient evidence, along with relevant legal authority, to support its motion.  It does not appear that Defendant's 30(b)(6) witness was adequately qualified and/or prepared to answer all the topics identified in the notice of deposition.  See (Document Nos. 41 and 48).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Testimony Of Defendant's Rule 30(b)(6) Corporate Designee Witness" (Document No. 41) is **GRANTED**. Defendant shall produce an appropriate Rule 30(b)(6) witness prepared to provide full and complete answers to Topics 9 and 12 of Plaintiff's deposition notice on or before **November 18, 2016**.  This limited deposition may be conducted by telephone.

**SO ORDERED**.

Signed: November 8, 2016

David C. Keesler
United States Magistrate Judge